

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Falls Co*

Overruled by S-125

Honorable Charles E. Reagan
Criminal District Attorney
Marlin, Texas

Dear Sir:

Opinion No. O-1134
Re: Can the Criminal District
Attorney of Falls County
incur reasonable and nec-
essary expense in investi-
gating crime and accumula-
ting evidence in criminal
cases?

Your request for an opinion of the above stated question has been received by this office.

Your letter reads in part as follows:

"There is no district attorney of Falls County, but the Criminal district attorney performs the duties of a district attorney for Falls County, Texas. All district and County officers being placed upon salary basis. In your opinion, can the Criminal district Attorney of Falls County, Texas, incur reasonable and necessary expenses in investigating crime and accumulating evidence in criminal cases?"

Section 13 of Article 3912e reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid

Hon. Charles E. Reagan, Page 2

in money an annual salary in twelve (12) equal
installments of not less than the total sum
earned as compensation by him in his official
capacity for the fiscal year 1935, and not more
than the maximum amount allowed such officer
under laws existing on August 24, 1935; . . .

"(b) The compensation of a criminal dis-
trict attorney or county attorney performing
the duties of district attorney, together with
the compensation of his assistants, shall be
paid out of the County Officers' Salary Fund,
but the State shall pay into such fund each
year an amount equal to a sum which bears the
same proportion to the total salary of such
criminal district attorney or county attorney
performing the duties of a district attorney,
together with the salary of his assistants, as
all felony fees collected by such official dur-
ing the year of 1935 bear to the total fees
collected by such official during such year."

Section (b) of Article 3899, Revised Civil Statutes
reads in part as follows:

"Each officer named in this Act, where he
receives a salary as compensation for his ser-
vices, shall be empowered and permitted to pur-
chase and have charged to his county all reason-
able expenses necessary in the proper and legal
conduct of his office, premiums on officials'
bonds, premium on fire, burglary, theft, robbery
insurance protecting public funds and including
the cost of surety bonds for his Deputies, such
expenses to be passed on, pre-determined and
allowed in kind and amounts, as nearly as possible,
by the Commissioners' Court once each month for
the ensuing month, upon the application by each
officer, stating the kind, probable amount of ex-
penditure and the necessity for the expenses of
his office for such ensuing month, which applica-
tion shall, before presentation to said court,
first be endorsed by the County Auditor, if any,
otherwise the County Treasurer, only as to
whether funds are available for payment of such
expenses. ...

"Such purchases shall be made by each offi-
cer, when allowed, only by requisition in manner
provided by the County Auditor, if any, other-
wise by the Commissioners' Court. Each officer
shall, at the close of each month of his tenure

of office, make an itemized and sworn report
of all approved expenses incurred by him and
charged to his county, accompanying such re-
port with invoices covering such purchases and
requisitions issued by him in support of such
report. If such expenses be incurred in con-
nection with any particular case, such report
shall name such case. Such report, invoices
and requisitions shall be subject to the audit
of the County Auditor, if any, otherwise by the
Commissioners' Court, and if it appears that
any item was not incurred by such officer, or
that such item was not a necessary or legal ex-
pense of such office,or purchased upon proper
requisition, such item shall be by said County
Auditor or court rejected, in which case the
payment of such item may be adjudicated in any
court of competent jurisdiction. All such ap-
proved claims and accounts shall be paid from
the Officers' Salary Fund unless otherwise pro-
vided herein. ..."

Under Article 199, Revised Civil Statutes, Falls
County is the only county composing the 82nd judicial dis-
trict.

We are informed by the Comptroller's Office that
Falls County had a population of 38,771 according to the
last Federal census.

Article 326q, Revised Civil Statutes, reads in
part as follows:

"In those counties of this state having
a population of not less than thirty-three
thousand five hundred (33,500) and not more
than seventy-five thousand (75,000) inhabit-
ants and not containing a city of more than
fifty thousand (50,000) inhabitants as deter-
mined by the last preceding Federal census,
and each succeeding Federal census thereafter,
and in which counties there are one or more
judicial districts and in which the county per-
forms the duty of county attorney and district
attorney, and in which there is not now a dis-
trict attorney, the office of criminal district
attorney is hereby created, and shall exist
from and after the passage of this act. This
office shall be known as Criminal District At-
torney of such county. ...

Hon. Charles E. Reagan, Page 4

". . . The Criminal District Attorney
shall be allowed to retain out of the fees
earned and collected by him the sum of Five
Thousand Five Hundred ($5,500) Dollars per
annum, as his compensation. After deducting
the Five Thousand Five Hundred ($5,500) Dol-
lars the remaining amount is to be applied
first to the payment of salaries of his assist-
ant or assistants in those counties where said
assistant or assistants are now being paid from
the fees of the office of county attorney, and
second, the actual and necessary expense incurred
by him and his assistants in the conduct of his
said office as authorized by Article 3899 of the
Revised Civil Statutes of 1925, as amended, and
any other expense allowed by law. ...

"The Criminal District Attorney shall at
the close of each month of the tenure of said
office make the report required of county offi-
cers by Article 3899 of the Revised Civil Sta-
tutes of 1925, as amended, and shall also, at
the close of each fiscal year make the annual
report required of county officers by Article
3897 of the Revised Civil Statutes of 1925, as
amended.

"It is not the intention of this act to
create any office of District Attorney nor any
other constitutional office and the office of
Criminal District Attorney is hereby declared
to be a separate distinct office from the consti-
tuttinal office of district attorney and no crimi-
nal district attorney shall draw or be permitted
to any salary whatsoever from the State of Texas.

"This act is not intended and shall not be
considered or construed as repealing any law now
on the statute books except those in conflict
herewith, which shall be cumulative thereof."

Section (c) of Article 3899, supra, specifically
provides that criminal district attorneys in all counties
in this state coming within a certain population bracket
shall be empowered and permitted to incur reasonable and
necessary expense of investigating crime and accumulating
evidence in criminal cases; and shall be allowed three cents
(3¢) a mile for each mile travelled by him in automobile

Hon. Charles E. Regan, Page 5

furnished by him in the discharge of official business which sum shall cover all expenses of maintenance, depreciation, and operation of such automobile. Such expenses shall be reported to the Commissioners' Court of each county affected by this act as other expenses reported and shall be paid by said Commissioners' Court as such other expenses are paid.

Section 18 of Article 3912e, supra, provides in effect that each Criminal District Attorney in this state serving a district comprising two or more counties the population of which district exceeds 150,000 inhabitants according to the last preceding Federal census shall be allowed a sum not to exceed $500.00 per annum for the necessary expense of such office, said sum to be paid only upon the itemized sworn statement of such office showing the necessity therefor and approved by the State Auditor.

It is obvious that the Legislature did not intend to allow any expense in investigating crime and accumulating evidence in criminal cases by the general provisions of Article 3899, supra, because in Section 3, of this Article, the Criminal District Attorney in all counties in this state coming within a certain population bracket are empowered and permitted to incur reasonable and necessary expenses in investigating crime and accumulating evidence in criminal cases, and as Falls County does not come within the population bracket authorizing such expenses this provision of the statute does not apply to Falls County.

You are respectfully advised that it is the opinion of this department that the Criminal District Attorney of Falls County cannot incur reasonable and necessary expense in investigating crime and accumulating evidence in criminal cases.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

AW:jm

APPROVED AUG 26, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BCB